The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured with Crawford Company as the servicing agent.
3. The employment relationship existed between the parties at the relevant time.
4. Pursuant to the Form 22, the plaintiff's average weekly wage was $240.47, which yields a weekly compensation rate of $160.32.
5. The plaintiff timely filed a Form 18; and there are no issues of statute of limitations, timeliness or jurisdiction.
6. The plaintiff was employed by the defendant from May 11, 1993 through August 16, 1994.
7. The issues for determination are:
 a. Whether the plaintiff sustained a compensable occupational disease, carpal tunnel syndrome, and if so, what are the compensable consequences?;
 b. Whether the plaintiff refused suitable employment by failing to return to work after August 16, 1994?;
 c. Whether the plaintiff was last injuriously exposed to the risks of repetitive motion disorder in her employment subsequent to Perdue Farms, Inc.? and;
 d. Whether plaintiff's treatment with Dr. Bissram should be authorized by the Commission?
8. The following exhibits were received at the hearing:
 a. Three pages, medical reports of Dr. Ganesh Bissram;
 b. Five pages, medical record of Roanoke-Chowan Hospital;
c. Two pages, medical records of Dr. Colin Jones;
d. Ten pages, Application/Job Profile information;
e. One page, medical excuse;
f. Ten pages, attendance records;
g. Three pages, work commendations; and
h. Six pages, position description.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing, the plaintiff was a twenty-four year old female who had completed the twelfth grade. The plaintiff had prior work experience as a cashier, a telephone company customer service representative, and a data entry clerk.
2. The plaintiff initially began working for defendant chicken processor, in particular as a wing, breast, and leg grader. These jobs required plaintiff to move chicken parts from a bin three and a half feet high, turn and view the part, grade it, and place it in the appropriate tray. The work environment was at temperatures less than 60 degrees Farenheit with ambient humidity.
3. The production standards were as follows: thirty-five split breasts per minute, seventeen whole breasts per minute, and forty wings or drumsticks per minute.
4. The plaintiff rotated to the breast grade line, mini-drum line, and picking chicken off the floor, during each shift.
5. The plaintiff began to experience swelling problems with her right hand at the top near her thumb, in the palm, and then up the wrist. The plaintiff reported this to the plant nurse.
6. When the plaintiff's symptoms did not resolve, the nurse referred her to Dr. Colin Jones, a general practitioner who saw employees weekly at defendant's Wellness Center.
7. The plaintiff was seen by Dr. Jones on August 2, 1994 with complaints of right hand swelling for three weeks. Following an examination, Dr. Jones diagnosed plaintiff with a repetitive motion disorder due to inflammation which was caused by her employment. Dr. Jones released plaintiff to return to her regular work, recommended that she rotate her job three times per shift. Dr. Jones prescribed Relafen.
8. There were no objective findings to support a diagnosis of carpal tunnel syndrome based upon the examination by Dr. Jones.
9. On August 4, 1994, the plaintiff went on her own to the emergency room at Roanoke-Chowan Hospital, where Dr. Eliot Munthali observed minimal swelling in the right wrist. The plaintiff was referred to Dr. Ganesh Bissram for suspected carpal tunnel syndrome.
10. The plaintiff returned to Dr. Jones on August 9, 1994 for a follow-up treatment. The plaintiff reported reduced swelling in the right hand but did complain of right shoulder pain, which she related to sleeping on her side. Dr. Jones' physical examination demonstrated improvement with a negative Tinel's sign, and no swelling in the right wrist.
11. Dr. Jones referred the plaintiff to neurologist Dr. Hansen for testing due to a slight decrease in grip strength. The plaintiff did not keep this appointment.
12. Following August 9, 1994, Dr. Jones prescribed physical therapy, additional anti-inflammatory medication, and modified duty to avoid use of the right hand that caused swelling or severe pain.
13. The defendant provided work within Dr. Jones' restrictions for the plaintiff.
14. On August 11, 1994, the plaintiff sought treatment from orthopaedic surgeon Dr. Bissram, at which time the plaintiff complained of right wrist, forearm and shoulder pain of a five-week duration. Physical examination showed tenderness in the radiad-lunate joint, positive Tinel's sign in the right wrist and mild swelling. Dr. Bissram diagnosed plaintiff with inflammation of the synovium and right carpal tunnel syndrome.
15. Dr. Bissram recommended that plaintiff be placed on light duty for two weeks, or out of work if light duty was not available.
16. The plaintiff brought Dr. Bissram's medical note to the plant nurse, and at that time, requested to be excused from work. Letitia Bennett, the plant nurse, advised the plaintiff that this treatment was unauthorized, and that plaintiff had been seen by Dr. Jones who found her able to continue working.
17. After nerve conduction studies which were reported as normal, the plaintiff returned to Dr. Bissram on August 26, 1994. At that time, she complained of right shoulder pain, but voiced no complaints of wrist pain. Upon examination, Dr. Bissram found plaintiff's synovitis to be resolving, but diagnosed the shoulder with subacromial bursitis, with no evidence of carpal tunnel syndrome.
18. The plaintiff did not keep scheduled appointments with Dr. Bissram on September 9, 1994 nor on February 24, 1995.
19. There is no credible or convincing evidence that plaintiff's inflammation of the bursa was caused by her work with defendant.
20. The plaintiff did not return to work with defendant after seeing Dr. Bissram despite being advised to return to work by Nurse Bennett.
21. The plaintiff was terminated by defendant based upon having eight occurrences or disciplinary episodes. Seven of these occurrences were prior to July of 1994.
22. Following her termination, the plaintiff received unemployment benefits, and began full-time work in October of 1994 as a convenience store clerk. The plaintiff next worked for a temporary agency and was assigned to work as a data entry clerk with Black and Decker on December 6, 1994.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
The plaintiff did not contract an occupational disease as a result of her employment with defendant. N.C. Gen. Stat. §97-53 (13). Further, plaintiff's treatment with Dr. Bissram, as it was never authorized by either the employer or the Industrial Commission, is not authorized at this late date and is not now the responsibility of the employer.
* * * * * * * * * * *
The foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
* * * * * * * * * * *
IT IS FURTHERMORE ORDERED that this case is REMOVED from the Full Commission docket.
This the __________ day of ___________________, 1997.
 S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
S/ ___________________ COY M. VANCE COMMISSIONER
JHB/nwm 01/17/97